*1224 OPINION.
Morris:
The petitioner is the grantor of five separate trusts, by the terms of which the trustee therein named was to use such portion of the trust income as might be needed to pay annual premiums on life insurance policies taken out on the grantor’s life. The facts show that such annual premiums were paid out of trust income during the calendar years 1924, 1925, and 1926. Respondent in computing *1225 petitioner’s net income for these years included therein the amounts paid each year out of trust income as premiums on said policies, in accordance with the provisions of section 219 (h) of the Revenue Acts of 1924 and 1926, which read as follows:
Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214), such part of the income of the trust shall be included in computing the net income of the grantor.
The petitioner contends that Congress did not intend to apply the provisions of section 219 (h) to situations where the grantor created an irrevocable trust and parted with all rights and benefits under such trust and under the insurance policies.
In order to answer this contention we must ascertain the Congressional intent or purpose in writing this particular provision into the taxing statutes. The subdivision first appears in the Revenue Act of 1924, and the Committee on Ways and Means of the House of Representatives, speaking with respect thereto, explained the purpose of section 219 as follows, Report No. 179 of the House of Representatives on the Revenue Bill of 1924, p. 21:
This section has been rewritten in order to secure clarity and to prevent the evasion of tames Toy -means of estates and trusts. The changes made are quite important.
It is provided in the section that in the case of a trust where the trustee has the discretion to distribute or not, the income is taxed to the beneficiary if distributed and to the trustee if not distributed.
Subdivision (g) of this section provides that where the grantor of a trust reserves the right to change the trust in favor of himself the income is taxed to the grantor.
Subdivision (h) of this section provides that the income of a trust which may be distributed to the grantor or which may be used for (he payment of premiums upon policies of insurance on his life shall be included in the gross income of the grantor. Trusts have been used to evade taxes liy means of provisions allowing the distribution of the income to the grantor or its use for his benefit. The purpose of this subdivision of the bill is to stop this evasion. [Italics supplied.]
The Senate Committee on Finance in its report No. 398 on the Internal Revenue Bill of 1924, p. 25, spoke with reference to section 219 of said bill as follows:
Section 219: This section has been rewritten in order to secure clarity and to prevent the evasion of taxes by means of estates and trusts.
(1) It is provided in this section that in the case of a trust where the trustee has the discretion to distribute or not, the income is taxed to the beneficiary if distributed and to the trustee if not distributed. The wording *1226 of subdivision (b) bas been changed (1) to except from its provisions specifically subdivisions (g) and (h), which lay down special rules in lieu of the general provisions of subdivision (b) ; (2) to permit as an additional deduction that part of the gross income which, pursuant to the terms of the will or deed, is to be used exclusively for the prevention of cruelty to children or animals, since contributions by individuals to organizations for these purposes are deductible under section 214 (a) (10).
* * * * * * *
(3) Subdivision (h) of this section provides that the income of a trust which may be distributed to the grantor or which may be used for the payment of premiums upon policies of insurance on his life shall be included in the gross income of the grantor. Trusts have been used to evade taxes by means of provisions allowing the distribution of the income to the grantor or its use for his benefit. The purpose of this subdivision of the bill is to stop this evasion.
The provisions of the House bill have been altered to exclude from taxation to the grantor of a trust income thereof used to pay premiums on insurance policies which are irrevocably payable to the benevolent organizations described in section 214 (a) (10). A trust of this kind is a proper method of providing for a gift to such organizations, and since the income is being used for these benevolent purposes rather than for the grantor’s personal benefit ii should not be taxed to him. [Italics supplied.]
It appears from the above excerpts that Congress attempted by section 219 (g) and (h) of the 1924 Act to provide against the evasion of taxes by estates and trusts. In subdivision (g) the language used indicates that Congress had in mind revocable trusts, since that subdivision provided that, where a grantor reserved the power to revest in himself title to any part of the trust, corpus, the income from such part of the trust should be included in computing the grantor’s net income. But in subdivision (h), the latter portion of which is applicable to the present facts, Congress used no language which would limit the application of this subdivision to either revocable or irrevocable trusts. Throughout this subdivision the term “ trust ” is used in such a manner as to preclude any limitation of that term to a particular class of trusts.
In our opinion, therefore, it is immaterial whether the trusts created by petitioner were revocable or irrevocable, because the test laid down by the statute is not revocability, but whether trust income “ is or may be applied ” to pay premiums upon policies of insurance taken out on the grantor’s life. In this case the stipulated facts show that trust income was applied during each of the taxable years to pay such premiums. It also appears that in none of the trusts were the proceeds of the policy irrevocably payable in the first instance to the Minneapolis Foundation so as to bring the trust within the exception in subdivision (h). In trust No. 2, upon the death of the grantor the original trust corpus went to such Foundation, and upon the happening of certain contingencies additional sums were to be paid over to it under trusts Nos. 2 and 3, but the exception of *1227 the statute is applicable only where the policies of the insurance are irrevocably payable to or for the charitable purposes defined in section 214 (a) (10). Therefore, where the facts show that trust income was applied to the payment of premiums of life insurance policies which are outside the exception, the mandate of the law is that “ such part of the income of the trust shall he included in computing the net income of the grantor.” [Italics supplied.]
In Docket No. 29159 petitioner avers as an alternative issue that section 219 (h) of the Revenue Act of 1924 is unconstitutional in so far as it relates to the inclusion in his taxable income of any portion of the income of the trusts. On brief petitioner supports this issue by contending that the income from the trust was not income to bim because such income was not received or drawn for his separate use, benefit, and disposal, citing the language of the Supreme Court in Eisner v. Macomber, 252 U. S. 189, and United States v. Phellis, 257 U. S. 156. Petitioner further contends that the trust corpus and the insurance policies were no longer a part of his estate and were not subject to his debts; that section 219 (h) is arbitrary and capricious so as to amount to confiscation, since it shifts the burden of tax from the persons benefited to those who have no personal interests in the income tax; and, finally, that to tax petitioner would impose an unexpected liability, from which petitioner is powerless to obtain relief, since he has irrevocably parted with all rights, interests, and benefits in the trust properties.
Petitioner’s first contention under the alternative issue seems to be completely answered by the opinion of Mr. Chief Justice Taft in the Old Colony Trust Co., 279 U. S. 716, wherein he states that the discharge by a third person of an obligation to him is equivalent to receipt by the person taxed. As to the contention that the trust corpus and the insurance policies were no longer a part of the petitioner’s estate nor subject to his debts, it seems true that petitioner, by the trust indentures and by the assignments of insurance policies, has parted with all right to revest such property in himself. But by the terms of the trust indentures he has provided that the income from the trust corpus shall discharge him from obligations which he had assumed and by the same indentures he has disposed of the proceeds of the insurance policies upon his death just as effectively as he could have done had he disposed of the same by will as a part of his personal estate.
In Corliss v. Bowers, 34 Fed. (2d) 656, affirmed by the Supreme Court, April 28, 1930, the Circuit Court of Appeals, Second Circuit, had for consideration virtually the same contentions with respect to the constitutionality of section 219 (g) and (h) of the 1924 Act, as are here raised by this petitioner. The facts in that case were that *1228 the grantor had created a revocable trust, the income from which was to be paid to his wife. The plaintiff contended that the trust income paid to his wife under the trust instrument was not income to him, and that, if it be held to be his income, section 219 (g) and (h) was unconstitutional in that it was arbitrary and capricious and violated the Fifth Amendment. The court upheld the constitutionality of both subdivisions (g) and (h) of section 219, upon the theory that the grantor, having reserved control of the trust corpus and income, could at any time have revoked, altered, or modified the trust, and could have appropriated either the trust corpus or the income therefrom. In its opinion the court stated that it was “ not unfair to tax the person who always has a will he may exercise and divest from the recipient a part or all of the income.”
Petitioner distinguishes the Corliss case from the facts herein in that here the grantor created irrevocable trusts and parted with all rights, interests, and benefits with respect to the trust corpus and the insurance policies. With this contention we can not agree, because it seems apparent that a direct benefit flowed to the petitioner from the disposition which he made of the trust income. Prior to, or at the time, the trusts were created petitioner had obligated himself to pay certain premiums on various policies of insurance taken out on his life. Petitioner was primarily liable under these policies to pay the annual premiums. This liability he shifted to the trustee by vesting in the trustee certain securities and cash, the income from which was to be used by the trustee to meet petitioner’s obligations. He derived an additional benefit in that by the trust indentures he disposed of each trust corpus after it had been augmented by the proceeds from insurance policies on his life. Furthermore, he benefited in that in trusts numbered one, four and five the trustee was to use the proceeds of the several insurance policies to purchase securities from petitioner’s estate which afforded some assurance that petitioner’s executor or administrator in administering the estate would have available a large amount of cash.
In view of the foregoing we are of the opinion that subdivision (h) of section 219 of the Revenue Act of 1924 is not arbitrary or capricious so as to amount to confiscation of property without due process of law within the meaning of the Fifth Amendment to the Constitution. We believe that with respect to this particular case the law imposes the tax on the person directly benefited, and that in the absence of such a provision insurance trusts of this sort, or similar hereto, would be used to evade taxes.
In computing the amount of trust income to be included in petitioner’s gross income for the calendar year 1924 the respondent inadvertently omitted the item of $5,774.06, being the net income of trust *1229 No. 1 for 1924. In redetermining the deficiency for 1924 this amount should be included as a portion of petitioner’s taxable income. Since the effect of this decision is to increase petitioner’s taxable income for 1924, it follows that there will be a corresponding increase in the deduction for contributions under the provisions of section 214 (a) (10).
Reviewed by the Board.

Decision vñll be entered under Rule 50.